ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
2021 APR 18 P 4: 39
CLERK C Adams
S. DIST. OF GA.

MARTIN FRANCISCO SALAZAR,    *
                                   *
       Plaintiff,               *
                                   *
v.                                  *     CV 106-195
                                   *
MILTON RUBEN CHEVROLET, INC., *
et al.,                          *
                                   *
       Defendants.        *

O R D E R

The captioned case is before the Court on *pro se* Plaintiff's motion to dismiss his case voluntarily. (Doc. no. 21.) Upon the following, the motion is **GRANTED**, subject to the conditions explained below.

### I. BACKGROUND

The instant action arises out of Plaintiff's former employment at Defendant Milton Rubin Chevrolet, Inc. Plaintiff filed his original complaint in the Superior Court of Columbia County, Georgia, alleging that Defendants violated "[his] rights as provided by the United States Constitution," and "the laws of this state [Georgia]" by "intentionally creating a hostile work environment," causing him emotional distress, "interfering with marital relations," wrongfully terminating him, and "discriminating" against him. (Compl. at 4, 6, 8-9.) More specifically, Plaintiff's original complaint stated that Defendants: (1) required him to "fabricate the

truth about several ads placed in the local newspaper", (2) cheated Plaintiff out of sales commissions, (3) wrongfully refused to name Plaintiff "salesman of the month", (4) refused to prevent other employees' harassing and threatening behavior, (5) unfairly disciplined him for another employee's conduct, (6) wrongfully terminated him, and (7) refused to give him copies of his sales receipts. (Id. at 1-7.) Of note, other than a nebulous reference to the United States Constitution and Georgia state law, Plaintiff's complaint offered little indication of the legal bases for his claims.

Noting that Plaintiff had previously filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and construing at least some of Plaintiff's claims as alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.[1] In response, Plaintiff filed "objections" to the removal, along with two amended complaints, in an admitted effort to remove any "federal questions" and have the case remanded to state court.[2] (See

---

[1] In his Charge of Discrimination, Plaintiff alleged that Defendants discriminated against him on account of his race in violation of Title VII. (See Def.'s Ex. A.) Unlike the EEOC charge, Plaintiff's original complaint referred neither to race nor to Title VII, instead only nebulously referring to unspecified discrimination and a purportedly hostile work environment.

[2] These amended complaints were originally filed in the Superior Court of Columbia County; Plaintiff then attached them to his objections to removal filed in this Court. Plaintiff did not request leave of court to amend his complaint as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 15(a).

2

Doc. nos. 5 & 11.) The amended complaints omitted any overt reference to hostile work environment, discrimination, or the United States Constitution, but contained essentially the same factual allegations as those brought in the original complaint. (See generally Am. Compl.; 2d Am. Compl.)

Defendants responded to Plaintiff's "objections" by arguing: (1) that removal was proper based on the federal questions raised in Plaintiff's original complaint; and (2) it would be improper to allow Plaintiff to amend his complaint solely to divest the Court of jurisdiction. Plaintiff then moved to voluntarily dismiss his case. (See doc. nos. 19 & 21.) Defendants do not oppose this motion, except to argue that Plaintiff should be ordered to pay their costs and attorney's fees. In the alternative, Defendants ask the Court to require Plaintiff to pay their costs and attorney's fees as a condition to refiling his suit. In reply, Plaintiff objects to the imposition of costs and attorney's fees, either upon the dismissal of this suit or as a condition to refiling.

## II. DISCUSSION

Initially, it should be noted that this case presents some of the problems endemic to *pro se* litigation. Plaintiff's filings demonstrate his unfamiliarity with the Federal Rules of Civil Procedure in general, and the process of removal in particular. For example, following removal, Plaintiff attempted to file several documents in state court,

rather than this Court. (See, e.g., doc. nos. 16, 17, & 19.) More generally, Plaintiff's filings are far from clear. Nevertheless, it is apparent that Plaintiff wishes to dismiss his case without prejudice.

Under Rule 41, this case may only be dismissed "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Generally, "a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." McCants v. Ford Motor Co., 781 F.2d 855, 856-57 (11th Cir. 1986). Defendants concede that Plaintiff should be allowed to dismiss his case without prejudice, but argue that they are entitled to their attorney's fees and costs in removing and defending this action. In the alternative, Defendants contend that Plaintiff should be required to make good their expenses if he refiles his suit.

It is within the Court's discretion to take either course of action urged by Defendants.[3] See Versa Products, Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328 (11th Cir. 2004) (per curiam); see also McCants, 781 F.2d at 857 (noting that district court has "broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between

---

[3]Of note, the assessment of attorney's fees and costs as a condition to voluntary dismissal is generally not appealable unless it results in "legal prejudice." See Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298, 1302 (11th Cir. 2004) (per curiam).

4

the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate"). Of course, of the two courses of action, the condition that fees be paid "only upon refiling" is the "less severe" option. Versa, 387 F.3d at 1328. The purpose of imposition of costs and attorney's fees (either as a condition of dismissal or as a condition to refiling suit) is twofold: "to fully compensate the defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation." Bishop v. West American Ins. Co., 95 F.R.D. 494, 495 (N.D. Ga. 1982). That said, such conditions are chiefly intended to protect a defendant from "the unfairness of duplicative litigation." Versa, 387 F.3d at 1328.

In this regard, courts have noted that the imposition of costs "is usually considered necessary for the protection of the defendant." Puerto Rico Mar. Shipping Auth. v. Leith, 668 F.2d 46, 51 (1st Cir. 1981). Similarly, "district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit." Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guarantee Ass'n, 56 F.3d 977, 978-79 (8th Cir. 1995); see also Hinfin Realty Corp. v. The Pittston Co., 212 F.R.D. 461, 462 (E.D.N.Y. 2002) ("Generally, both attorney's fees and costs are included in fee awards [pursuant to Rule 41]."); Woodzicka v. Artifex Ltd., 25 F. Supp. 2d 930, 936 (E.D. Wis. 1998) ("Dismissals without prejudice are usually granted only if the

5

plaintiff pays expenses incurred by the defendant in defending the suit up to that point."). As the Seventh Circuit has aptly explained:

> Typically, a court imposes as a term and condition of dismissal that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorneys' fees . . . [S]uch terms and conditions are the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again.

Marlow v. Winston & Strawn, 19 F.3d 300, 303 (7th Cir. 1994). Of course, before imposing any such conditions upon dismissal or refiling, the Court should allow Plaintiff to withdraw his motion for voluntary dismissal in light of the proposed conditions. See Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298, 1303 (11th Cir. 2004) (per curiam); see also Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 320 (5th Cir. 2002).

In the instant case, Defendants' chief contention is that Plaintiff is attempting to use Rule 41 to accomplish what he ordinarily would not be allowed to do--the elimination of his federal claims solely to defeat removal jurisdiction. See, e.g., Boelens v. Redman Homes, Inc., 759 F.2d 504, 507 (5th Cir. 1985) ("The majority viewpoint is that a plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim upon which removal was based will not defeat federal jurisdiction.") (citing In re Greyhound Lines, 598 F.2d 883, 884 (5th Cir. 1979)). Given Plaintiff's

"objections" to removal and prior attempts to amend his complaint (without first obtaining leave of court as required by Rule 15(a)), Defendants' assessment of Plaintiff's motives is undoubtedly correct. Notwithstanding Plaintiff's *pro se* status, the Court takes a dim view of his litigation tactics. Bouncing a case from state court to federal court and back "is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; [such] tactical manipulation [by P]laintiff . . . cannot be condoned." Id. (quoting Austwick v. Bd. of Educ., 555 F. Supp. 840, 842 (N.D. Ill. 1983)). Simply put, the Court will not reward Plaintiff for his gamesmanship. "If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court." Id.

Therefore, the Court determines that it is appropriate to grant Plaintiff's Rule 41 motion only upon the condition that, if he later refiles his lawsuit against these Defendants, he shall be required to pay their reasonable costs and attorney's fees incurred in removing and defending this lawsuit.[4] Accordingly, the Court conditionally **GRANTS** Plaintiff's motion to dismiss. Plaintiff shall have until the close of business

---

[4] Of note, had the Court allowed Plaintiff to amend his complaint to delete his federal claims, Defendants would have been entitled to reasonable costs and attorney's fees incurred defending the deleted claims. See Boyce v. Augusta-Richmond County, 111 F. Supp. 2d 1363, 1376 (S.D. Ga. 2000) (Moore, J.).

7

on <u>Friday, April 27, 2007</u> to withdraw his Rule 41 motion. If Plaintiff has not withdrawn his motion by that date, the following directives will become effective as of <u>Monday, April 30, 2007</u>.

**IT IS ORDERED** that Plaintiff's motion to dismiss (doc. no. 21) is **GRANTED**, and this case is **DISMISSED** without prejudice upon the condition that, should Plaintiff refile his lawsuit in any court, he shall pay Defendants their reasonable costs and attorney's fees incurred defending this litigation. **IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over this lawsuit for the purpose of fixing the amount of costs and reasonable attorney's fees in the event Plaintiff refiles this lawsuit.

**ORDER ENTERED** at Augusta, Georgia, this ___18___ day of April, 2007.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE